FILED

2016 APR 18 PM 3: 33

MIDDLE DIS⁘ ⁘⁘⁘ COURT
ORLANDO, FL ⁘⁘⁘⁘

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISLAND STONE INTERNATIONAL
LIMITED, a Hong Kong Corporation, and
ISLAND STONE NORTH AMERICA,          CASE NO.: 6:16 CV-656-ORL-18-KRS
INC., a California Corporation,

      Plaintiffs,

vs.

ISLAND STONE INDIA PRIVATE
LIMITED, and AJAY GUPTA,

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES

      Plaintiffs, Island Stone International Limited ("ISI") and Island Stone North America,

Inc. ("ISNA"), file this Complaint for Injunctive Relief and Damages against Defendants, Island

Stone India Private Limited ("Island Stone India") and Ajay Gupta ("Gupta"), and state:

## NATURE OF THE CASE

      1.     This is an action for, *inter alia*, injunctive relief and damages, arising under the

U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*; the Trademark Act of 1946, 15 U.S.C. § 1114

(Trademark Infringement) and § 1125(a) (Unfair Competition and False Description), *et seq.*

("Lanham Act"); false or misleading advertising in violation of Fla. Stat. §§ 817.41, *et seq.*;

Florida's Deceptive and Unfair Trade Practices Act ("DUTPA"), Fla. Stat. §§ 501.201, *et seq*;

and unjust enrichment.

## PARTIES, JURISDICTION AND VENUE

      2.     Plaintiff, ISI, is a Hong Kong corporation with its principal place of business in

Wanchai, Hong Kong.

3.      Plaintiff, ISNA, is a California corporation with its principal place of business located at San Jose, California.

4.      Defendant, Island Stone India, is a private limited company with its principal place of business in India.  Island Stone India is not related to ISI or ISNA.

5.      Defendant, Gupta, is an individual who, upon information and belief, resides in India.  Gupta is an individual who operates, dominates and controls Island Stone India.

6.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, 15 U.S.C. § 1121 and principles of pendent jurisdiction.  The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

7.      This Court has personal jurisdiction over Defendants because, as detailed herein, this action arises from: (a) a business venture that has been operated, conducted, engaged in, or carried on by Defendants in Florida; and (b) tortious acts committed by Defendantswithin the state of Florida.  Defendants purposefully directed their activities in Florida, and this litigation results from injuries that arise out of or relate to those activities.  Moreover, Defendants are engaged in substantial and not isolated activity in Florida.

8.      Venue in this district is proper pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

### I.      The ISLAND STONE Mark and the Works.

9.      Plaintiffs are manufacturers of various high-end, artisan construction and commercial and residential home design materials, including various forms of stone, glass and other tiles and related materials.

10.     Plaintiffs have each spent at least tens of thousands of dollars in advertising and promoting the ISLAND STONE brand throughout the United States and the world.  ISI sells its

tile, wall and flooring products globally, and ISNA's dealers have sold large quantities of ISNA's products throughout the United States. Through these efforts, Plaintiffs have positioned themselves as high-end luxury tile and stone manufacturers. Based on this, and the resulting level of consumer recognition, the ISLAND STONE brand has generated substantial and longstanding goodwill to both ISI and ISNA.

11.    ISI is the owner of a federal trademark registration in the United States: U.S. Reg. No. 3,604,978 for the standard character mark ISLAND STONE in International Classes 019, 027 and 035 for, *inter alia,* decorative tiles, floor and wall coverings and retail and wholesale distributorship services relating to flooring tiles (the "ISLAND STONE Mark"). A true and correct copy of the federal trademark registration for the ISLAND STONE Mark is attached hereto as **Exhibit "A"**.

12.    ISI has licensed, through a written Trademark License Agreement (the "License Agreement") the ISLAND STONE Mark to ISNA for use in connection with, *inter alia,* the manufacture and wholesale distribution of tiles, as well as floor and wall coverings. A true and correct copy of the License Agreement is attached hereto as **Exhibit "B"**.

13.    Since at least as early as 1999 – even prior to registration of the ISLAND STONE Mark and licensure to ISNA – Plaintiffs have used the mark in commerce throughout the United States as an exclusive source identifier for their goods and services in the field of stone, glass and other tiles and related materials and services.

14.    Additionally, ISNA is the sole, lawful and rightful owner of valid copyrights in multiple photographs of tile, wall and flooring products (the "Works"). ISNA has obtained valid copyright registrations for these Works from the United States Copyright Office. True and

correct copies of ISNA's copyright registration certificates covering the Works are attached hereto as **Composite Exhibit "C"**.

15.     ISNA has also applied for several additional copyright registrations in other photographs of ISNA's products.

## II.     Defendants' Infringement.

16.     Style in Stones, LLC ("Style in Stones") is a Florida limited liability company with its principal place of business in Orlando, Florida.  Style in Stones was organized in October 2013 to distribute and sell similar tile and stone products as those offered by Plaintiffs.

17.     Island Stone India and Gupta solicited Terry Stout and Maria Stout to form the Style in Stones company in Orlando, Florida, and, at all material times, Defendants directed and controlled Style in Stones' marketing, sales and distribution decisions.  Island Stone India also supplied Style in Stones with its tile and stone products.

18.     In furtherance of the business of Style in Stones (and, concomitantly, Defendants' own business), Island Stone India and Gupta registered the domain name styleinstones.com. Defendants' website, www.styleinstones.com, contains and displays numerous unauthorized and infringing copies of the Works.  On their website, Defendants have superimposed the text "www.styleinstones.com" onto ISNA's images in an apparent attempt to conceal their infringement.  Representative examples of such infringing content are attached as **Composite Exhibit "D"**.

19.     Defendants' website uses the ISLAND STONE Mark without authorization from Plaintiffs and also falsely suggests that Style in Stones is part of ISI's international network of suppliers.  Defendants' use of the ISLAND STONE Mark is a clear attempt to piggy-back on Plaintiffs' international goodwill and reputation and to pass off Defendants' business, products

4

and services as those of Plaintiffs.  Plaintiffs have received reports from consumers indicating confusion as to whether Style in Stones is in fact affiliated with Plaintiffs (which it is not).

20.     Indeed, Plaintiffs' use of the ISLAND STONE Mark predates Island Stone India's inception, and the mere use of Island Stone as part of Defendants' name constitutes an infringement.

21.     Defendants have no right or legitimate interest in the use of any of the Works or the ISLAND STONE Mark.  Defendants do not have any license, consent or permission from Plaintiffs to make any use of the copyrighted Works or of the ISLAND STONE Mark.

22.     On or about December 18, 2013, Plaintiffs' counsel sent Defendants a cease and desist demand which demanded that Defendants: (a) immediately remove and discontinue any use of ISNA's copyrighted materials from Defendants' website or anywhere else on the internet, or in print materials or other uses; (b) immediately cease and desist using the ISLAND STONE mark, or any confusingly similar mark, by removing references to "Island Stone" from the website, advertising and marketing materials; and (c) agree not to infringe upon any of Plaintiffs' copyrighted materials or trademark rights in the future.  Defendants, however, continued to illegally infringe upon the copyrighted materials and utilize the ISLAND STONE Mark without authorization.

23.     On or about March 1, 2014, Plaintiffs' counsel again sent Defendants a similar cease and desist demand with a warning, among other things, that Defendants' failure to remove the Works from Defendants' website would lead to further legal action.  To date, however, Defendants continue to use the Works and the ISLAND STONE Mark on Defendants' website.

24.     In the action styled *Island Stone North America, Inc. et al. v. Maria Stout et. al*, Case No. 6:14-cv-1450, in the Middle District of Florida, Orlando Division, Style in Stones has

5

already been enjoined from using or infringing upon the ISLAND STONE Mark and any copyright in the Works.

25.   Plaintiffs have retained the law firm of Greenberg Traurig, P.A. to represent them in this matter and are required to pay the firm a reasonable fee for its services.

26.   All conditions precedent to the filing of this action have occurred, been waived, or would otherwise be futile to perform.

**COUNT I**
**(Copyright Infringement)**
**(17 U.S.C. §§ 101 *et seq.*)**

27.   ISNA repeats and realleges the allegations contained in paragraphs 1-26 above as if fully set forth herein.

28.   This is an action by ISNA against Defendants for Copyright Infringement pursuant to 17 U.S.C. §101 *et seq.*

29.   ISNA is the sole and exclusive owner of the entire right, title and interest in and to the copyrighted Works. Defendants are not authorized to reproduce, distribute, make derivative works, or make any other use of these copyrighted Works in any manner whatsoever.

30.   Defendants' acts complained of herein have violated, and continue to violate, ISNA's exclusive rights pursuant to 17 U.S.C. §106 in the copyrighted Works.

31.   Defendants' acts constitute infringement, in violation of the Copyright Act, 17 U.S.C. §§ 101, 106, 501, *et seq.*

32.   Defendants' infringement was and continues to be willful. Furthermore, Defendants' willful infringement is for purposes of commercial advantage or private financial gain.

6

33.     ISNA has suffered, and unless Defendants are enjoined, will continue to suffer, damages as a result of Defendants' copyright infringement.

34.     ISNA is therefore entitled to injunctive relief, impoundment and disposition of any infringing materials, as well as ISNA's actual damages, any additional profits of Defendants, ISNA's costs and attorneys' fees pursuant to 17 U.S.C. § 505, and any other relief the Court deems appropriate.

## COUNT II
### (Federal Trademark Infringement)
### (15 U.S.C. § 1114(1)(a))

35.     ISI repeats and realleges the allegations contained in paragraphs 1-26 above as if fully set forth herein.

36.     Defendants' use of the ISLAND STONE Mark for Defendants' directly competitive services has caused confusion and is likely to cause further confusion in the marketplace and among consumers as between Plaintiffs and Defendants.

37.     Defendants' actions as described above, and specifically Defendants' unauthorized use of the ISLAND STONE Mark constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

38.     Defendants' acts have damaged ISI and, unless enjoined, will continue to damage and cause irreparable injury to ISI's reputation, goodwill and trademark rights.

39.     Defendants' wrongful acts were and are intentional and willful.

40.     ISI is entitled to injunctive relief and to recover Defendants' profits, as well actual damages, costs and attorneys' fees under 15 U.S.C. §§ 1116 and 1117, and any other relief the Court deems appropriate.

7

## COUNT III
### (Unfair Competition)
### (15 U.S.C. § 1125(a))

41.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 above as if fully set forth herein.

42.     Defendants' use of the ISLAND STONE Mark for Defendants' directly competitive services has caused confusion and is likely to cause further confusion in the marketplace and among consumers as between Plaintiffs and Defendants.

43.     Defendants' unauthorized use of the ISLAND STONE Mark for Defendants' directly competitive services constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

44.     Defendants' acts have damaged Plaintiffs and, unless enjoined, will continue to damage and cause irreparable injury to Plaintiffs' reputations, goodwill and trademark rights.

45.     Defendants' wrongful acts were and are intentional and willful.

46.     Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, as well actual damages, costs and attorneys' fees under 15 U.S.C. § 1125, and any other relief the Court deems appropriate.

## COUNT IV
### (False Designation of Origin)
### (15 U.S.C. § 1125(a))

47.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 above as if fully set forth herein.

48.     Defendants' unauthorized use of the ISLAND STONE Mark constitutes false designation of origin, false or misleading description, and/or false or misleading representation.

49.     Defendants' deceptive actions have already caused, and unless enjoined, will continue to cause confusion or mistake as to the affiliation, connection or association of Defendants with Plaintiffs.

50.     Defendants' deceptive actions have already caused, and unless enjoined, will continue to cause, confusion or mistake as to the approval of Defendants' commercial activities by Plaintiffs.

51.     Defendants' actions have damaged Plaintiffs and, unless enjoined, will continue to damage and cause irreparable injury to Plaintiffs' reputation, goodwill and trademark rights.

52.     Defendants' wrongful acts were and are intentional and willful.

53.     Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, as well actual damages, costs and attorneys' fees under 15 U.S.C. § 1125, and any other relief the Court deems appropriate.

### COUNT V
### (Deceptive And Unfair Trade Practices Act)
### (Fla. Stat. § 501.201 et seq.)

54.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 above as if fully set forth herein.

55.     Defendants' conduct alleged herein constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. §§ 501.201, *et seq.*

56.     Defendants acted wantonly, willfully, intentionally, and maliciously and with total disregard for Plaintiffs' rights and property interests.

57.     The foregoing conduct constitutes deceptive and unfair trade practices in violation of Florida Statutes §§501.201, *et. seq.*

58.     Further, Defendants' unauthorized use of the ISLAND STONE Mark and of the Works constitutes deceptive and unfair trade practices.

59.     As a direct and proximate result thereof, Plaintiffs have been harmed.

60.     As a direct and proximate result of Defendants' foregoing wrongful conduct, Plaintiffs have suffered and unless enjoined will continue to suffer severe and substantial damages to their goodwill and reputation.

61.     Plaintiffs have no adequate remedy at law as monetary damages will not provide full and adequate relief for all of their injuries from Defendants' unlawful conduct.

62.     Accordingly, Plaintiffs are entitled to injunctive relief against Defendants under Fla. Stat. §§ 501.201 *et seq.* and to other relief thereunder, including reasonable attorneys' fees and costs.

## COUNT VI
### (Misleading Advertising)
### (Fla. Stat. §§ 817.41 *et seq.*)

63.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 above as if fully set forth herein.

64.     Defendants' conduct alleged herein constitutes misleading advertising.

65.     Upon information and belief, Defendants intentionally made and/or disseminated, or caused to be made or disseminated, before the general public of the State of Florida, and the United States generally, the use of the ISLAND STONE Mark and the Works on their www.styleinstones.com website, as described herein, and have otherwise attempted to falsely advertise and market themselves in a manner designed to mislead consumers into believing that Defendants are actually Plaintiffs, are affiliated with Plaintiffs or otherwise own or authored the Works.

66.     Defendants knew or should have known that their use of the ISLAND STONE Mark and the Works was improper, false and unauthorized, and would cause confusion among consumers.

67.     Defendants' use in commerce of the ISLAND STONE Mark, unauthorized reproduction of the Works, and its other conduct as described herein, constitutes misleading advertising.

68.     Upon information and belief, by engaging in such conduct, Defendants furthered their intended fraud and attempted to obtain money under false pretenses.

69.     As a result of the foregoing wrongful conduct, Plaintiffs have been damaged, and unless such conduct is enjoined, will continue to suffer irreparable damage.

70.     Plaintiffs are entitled to damages, costs and attorneys' fees under § 817.41, *Florida Statutes.*

## COUNT VII
### (Unjust Enrichment)

71.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1-26 above as if fully set forth herein.

72.     This is an action, pleaded in the alternative, for unjust enrichment.

73.     Defendants have obtained revenues, profits and earnings from Defendants' conduct complained of herein.   Upon information and belief, the purchasing public has been confused about Defendants' affiliation with Plaintiffs, and has paid Defendants sums in payments for products purchased.

74.     Under the circumstances, it would be inequitable for Defendants to retain all of the profits that Defendants obtained while deceiving the purchasing public about Defendants' affiliation with Plaintiffs.

75.    As a result, Plaintiffs are entitled to recover from Defendants a portion of the gains obtained by Defendants as a result of their wrongful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

1.    Injunctive relief, enjoining Defendants, their officers, directors, members, shareholders, agents, servants, employees, subsidiaries, affiliates, successors, assigns, attorneys, representatives, any entities owned or controlled by any of them, and all those in active concert or participation with any of them, and each of them who receives notice directly or otherwise, from, *inter alia*:

    (a)    using the ISLAND STONE Mark, or any other copy, reproduction, or colorable imitation or simulation thereof, on or in connection with Defendants' goods or services;

    (b)    using any trademark, service mark, name, logo, or design of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of trademarks or services marks of Plaintiffs;

    (c)    suggesting in any way on its website or on any of its marketing or promotional materials that Defendants are part of Plaintiffs' network of suppliers;

    (d)    continuing to engage in any conduct that violates the Lanham Act, the Copyright Act, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*; Fla. Stat. §§817.41 *et seq.*; and/or Florida common law;

    (e)    continuing to engage in any conduct that violates the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, independent of the violations described in subsection (a), *supra*;

    (f)    continuing to unjustly enrich themselves at Plaintiff's expense;

    (g)    aiding, assisting or abetting any act prohibited by subparagraphs (a) through (e) above;

2.      An order, pursuant to 15 U.S.C. § 1117, whereby Defendants are, *inter alia,* held liable for all damages suffered by Plaintiffs;

3.      An order, pursuant to 15 U.S.C. § 1117, whereby Defendants are ordered to, *inter alia,* account to Plaintiffs for any and all profits derived by Defendants from any acts alleged herein;

4.      An order, pursuant to 15 U.S.C. § 1117, whereby Defendants are ordered to, *inter alia,* pay Plaintiffs' costs and attorneys' fees incurred in this action;

5.      An order, whereby Defendants are ordered to, *inter alia:,* destroy any printed advertising materials and remove any websites that contain the Works and/or use the ISLAND STONE Mark or any other name containing said mark or any derivative thereof;

6.      An accounting, whereby Defendants are ordered to account to Plaintiffs and disgorge all the gains, profits, savings and advantages realized by them from all acts complained of above;

7.      An award, whereby Plaintiffs are awarded, *inter alia*:

   (a)     statutory damages of $150,000 per work infringed;

   (b)     exemplary and punitive damages that the Court finds appropriate to deter any future tortious or unlawful conduct;

   (c)     pre-judgment and post-judgment interest on the foregoing sums; and

   (e)     reasonable attorneys' fees, costs and expenses incurred by Plaintiff as recoverable under applicable law, including without limitation, 17 U.S.C. § 505, *et seq.*, 15 U.S.C. § 1117, Fla. Stat. §501.2105 *et seq.*, and Fla. Stat. §§817.41 *et seq.*;

8.      Such other and further relief as the Court deems just and proper.

13

Dated: April 18, 2016

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

**s/ Courtney M. Keller**
Gregory W. Herbert, Esq.
Florida Bar No. 0111510
Courtney M. Keller, Esq.
Florida Bar No. 28668
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile:  (407) 841-1295
*HerbertG@gtlaw.com*
*kellerc@gtlaw.com*
*Counsel for Plaintiff*

**Exhibits**:

A:   Trademark Registration for ISLAND STONE Mark
B:   Trademark License Agreement
C:   Copyright Registrations w/copyrighted images attached (Composite)
D:   Examples of Copyright Infringement by Defendants (Composite)