# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ISLAND STONE INTERNATIONAL
LIMITED and ISLAND STONE NORTH
AMERICA, INC.,

          **Plaintiffs,**

v.                                           **Case No:  6:16-cv-656-Orl-40KRS**

ISLAND STONE INDIA PRIVATE
LIMITED and AJAY GUPTA,

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS PLAINTIFF COMPLAINTS (Doc. No. 44)** |
| **FILED:** | **December 2, 2016** |

## I.    BACKGROUND.

    On April 18, 2016, Plaintiffs, Island Stone International Limited ("ISI") and Island Stone North America, Inc. ("ISNA"), commenced this action against Defendants, Island Stone India Private Limited ("Island Stone India") and Ajay Gupta ("Gupta").  Doc. No. 1.  In their complaint, Plaintiffs allege that the contents of Defendants' website, www.styleinstones.com, infringe their federal trademarks; infringe their federal copyrights; constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); constitute deceptive and unfair trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat.

§§ 501.201 *et seq.* ("FDUTPA"); constitute misleading advertising in violation of Fla. Stat. §§ 817.41 *et seq.*; and have led to unjust enrichment.   *Id.*

Island Stone India is a private limited company with its principal place of business in India, and Gupta is a resident of India.   *Id.* ¶¶ 4-5; Doc. No. 14 ¶ 4(a), 5(a).   Plaintiffs served Defendants in Chicago, Illinois, on April 19, 2016, apparently while Gupta was attending a trade show.   *See* Doc. Nos. 12-13; *see also* Doc. No. 14 ¶ 26.   On May 9, 2016, Gupta filed an answer, purportedly on his own behalf and on behalf of Island Stone India.   Doc. No. 14.   The Court struck the answer insofar as it purported to be filed on behalf of Island Stone India because Local Rule 2.03(e) provides that a corporation may appear and be heard only through counsel admitted to practice in this Court.   Doc. No. 20.   The Court also gave Island Stone India until June 10, 2016, to appear by counsel and answer or otherwise respond to the complaint.   *Id.*   Island Stone India failed to do so, and the Court defaulted it on June 24, 2016.   Doc. Nos. 25, 28.

On December 2, 2016, Gupta filed a motion to dismiss the complaint because: (1) the Court lacks personal jurisdiction over him; (2) venue is improper; (3) process was insufficient; (4) service of process was insufficient; and (5) Plaintiffs have allegedly committed a fraud on the Court.   Doc. No. 44.[1]   Gupta did not file any evidence in support of his motion.   Plaintiffs responded on December 16, 2016.   Doc. No. 54.   In support of their response, they filed the affidavit of Charles E. Heppner, the Chief Executive Officer ("CEO") of ISNA.   Heppner attached multiple documents to his affidavit.   Doc. No. 55.   The Court referred Gupta's motion to dismiss to me on March 8, 2017, and it is now ripe for decision.

---

[1] It is unclear whether Gupta intended to file the motion only on his own behalf or if he also intended to make arguments on behalf of Island Stone India.   To the extent that he intended to assert arguments on behalf of Island Stone India, I do not consider those arguments.   As Gupta has been previously informed, a corporation may only appear and be heard through counsel admitted to practice in this Court.   Thus, Gupta cannot file documents on Island Stone India's behalf.

Gupta's motion raises multiple grounds for dismissal, each of which I address separately, below, after addressing Plaintiffs' overall argument that Gupta's motion is untimely.

## II.    TIMELINESS.

Plaintiffs argue that the Gupta's motion to dismiss should be denied because it is untimely. Doc. No. 54, at 7.   I recommend that the Court reject this argument.   Federal Rule of Civil Procedure 12(b) provides that every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.   It goes on, however, to provide that a party may assert certain defenses, including lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process, by motion.   Fed. R. Civ. P. 12(b)(2)-(5).   The rule also provides that a motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.   *Id.*   Here, Gupta filed his answer before he filed his motion to dismiss.   Thus, his motion would appear to have been filed too late, and Plaintiffs urge that it should be denied.

Federal courts have, however, allowed untimely Rule 12(b) motions if the defense has been previously included in the answer.   *See Anderson v. Sullivan*, No. 03CV4064, 2005 WL 1123772, at *2 (E.D.N.Y. May 9, 2005) (collecting authorities); *Molnlycke Health Care AB v. Dumex Med. Surg. Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n. 1 (E.D. Penn. 1999) (citations omitted) (allowing motion to dismiss for, *inter alia*, lack of personal jurisdiction and improper venue that was filed after answer, where defenses were raised in the answer); *Resolution Trust Corp. v. Holland & Knight*, 832 F. Supp. 1528, 1529 n. 2 (S.D. Fla. 1993) (citations omitted); 5C Charles Alan Wright, et al., *Federal Practice & Procedure* § 1361 & n. 7 (3d ed.) (collecting cases).[2]   In such instances,

---

[2]   None of the authority cited by Plaintiffs contradicts the assertion that the Court may allow a motion asserting one of the defenses listed in Rule 12(b)(2)-(5) after the filing of the answer, assuming that the defenses were included in the answer.   Indeed, none of the cited cases address a late-filed motion to dismiss for lack of personal jurisdiction, improper venue, insufficient process, or insufficient service of process. Doc. No. 54, at 7.

the motion becomes a Rule 12(i) motion for disposition before trial.  *See* Fed. R. Civ. P. 12(d) ("If a party so moves, any defenses listed in Rule 12(b)(1)-(7)[,] whether made in a pleading or by motion . . . [,] must be heard and decided before trial unless the court orders a deferral until trial."); *Resolution Trust Corp.*, 832 F. Supp. at 1530 n. 2 (discussing previous version of Rule 12).   Here, Plaintiffs admit that Gupta purported to dispute jurisdiction, venue, and service of process in his answer.[3]   Doc. No. 54, at 6.   Thus, particularly given that Gupta is *pro se* and unfamiliar with the intricacies of the rules of civil procedure, I recommend that Court find that Gupta's motion is not untimely.[4]

## III.   PERSONAL JURISDICTION.

---

[3] Although Gupta did not include a section titled "defenses" or "affirmative defenses," he clearly put Plaintiffs on notice that he disputed the Court's personal jurisdiction over him and denied that venue was appropriate in the Middle District of Florida.   Doc. No. 14, at 2 (denying Plaintiffs' assertions that the Court has personal jurisdiction and that venue is appropriate), 9 (noting that "there is no substantial or isolated activity of defendants in Florida").   Although he did not contest sufficiency of process and sufficiency of service quite as clearly, his answer contains some of the arguments that he later used in his motion to dismiss for insufficient process and insufficient service of process.   *See, e.g.*, *id.* at 9 (noting, in a section titled "Preliminary Objections," that the summonses issued in this case included an incorrect address and that Gupta was served when a process server handed him some papers at a trade show in Chicago).

[4] Plaintiffs do not explicitly argue that Gupta has waived his personal jurisdiction defense by his litigation conduct.   Instead, they argue only that his motion was untimely.   To the extent that Plaintiffs intended to suggest that, in addition his motion being untimely, Gupta has also waived the personal jurisdiction defense by litigating this case for seven months after asserting the defense in his answer, I recommend that the Court reject any such argument.   It is true that personal jurisdiction may be waived, even if nominally preserved in an answer, if the defendant substantially participates in the litigation without pursuing the defense.   *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1224 (S.D. Ala. 2006).   Here, Gupta did not substantially participate in the litigation before filing his motion (indeed, Plaintiffs have complained repeatedly about Gupta's failure to participate in the litigation and have filed multiple motions pointing out his failure to engage in the litigation), and—given that this case has never progressed beyond even the initial stages of discovery—the seven-month gap between his answer and his motion is not so long as to itself suggest a finding of waiver.   *See Brokerwood Prods. Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379-81 (5th Cir. 2004) (finding that defendant did not waive personal jurisdiction defense by waiting seven months after filing its answer to file its motion to dismiss; noting that, before filing the motion, defendant had participated in a scheduling conference, made discovery requests, and filed a motion to strike plaintiff's jury demand).

A.  <u>Analytical Standard.</u>

For a district court to have personal jurisdiction over a nonresident defendant: (1) the forum state's long-arm statute must provide a basis for exercising jurisdiction; and (2) exercising jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment.  *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).  The extent of the long-arm statute is governed by Florida law, and federal courts are required to construe it as would the Florida Supreme Court.  *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citation omitted).

When the district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the initial burden of pleading sufficient material facts to establish a prima facie case of personal jurisdiction.  *Madara v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990) (citation omitted); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).  A plaintiff establishes a prima facie case of personal jurisdiction when it presents sufficient evidence to withstand a motion for directed verdict.  *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)).  If the plaintiff meets this burden, a "defendant then must raise[ ], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction."  *Id.* (internal quotation marks omitted) (quoting *Sculptchair, Inc.*, 94 F.3d at 627).  If a defendant rebuts plaintiff's prima facie case of personal jurisdiction, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."  *Id.* (citing *Sculptchair*, 94 F.3d at 627).  "The district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits."  *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir.

1990) (citations omitted).   "Where the parties' affidavit and deposition evidence conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id.* (citations omitted).

B.  Facts.

1.  *Plaintiffs' Complaint.*

As relevant to Gupta's motion to dismiss for lack of personal jurisdiction, Plaintiffs' complaint alleges the following:

Island Stone India is a private limited company with its principal place of business in India. Doc. No. 1 ¶ 4.  Gupta resides in India.  *Id.* ¶ 5.  Gupta operates, dominates, and controls Island Stone India.  *Id.*

Plaintiffs are manufacturers of high-end, artisan construction and commercial and residential home design materials, including various forms of stone, glass, and other tiles and related materials. *Id.* ¶ 9.  ISI owns a federal trademark registration in the United States for the standard character mark ISLAND STONE for, *inter alia*, decorative tiles, floor and wall coverings, and retail and wholesale distributorship services relating to flooring tiles.  *Id.* ¶ 11.  ISI has licensed the ISLAND STONE mark to ISNA for use in connection with, *inter alia*, the manufacture and wholesale distribution of tiles, as well as floor and wall coverings.  *Id.* ¶ 12.  In addition, ISNA is the sole owner of valid copyrights in multiple photographs of tile, wall, and flooring products.  *Id.* ¶ 14.

Style in Stones, LLC ("Style in Stones") is a Florida limited liability company with its principal place of business in Orlando, Florida.  *Id.* ¶16.  Style in Stones was organized in October 2013 to distribute and sell tile and stone products similar to those offered by Plaintiffs.  *Id.*  Island Stone India and Gupta solicited Terry Stout and Maria Stout to form the Style in Stones company in Orlando, Florida.  *Id.* ¶ 17.  Island Stone India and Gupta directed and controlled Style in

Stones's marketing, sales, and distribution decisions.  *Id.*  To further the business of Style in Stones (and their own business), Island Stone India and Gupta registered the domain name styleinstones.com.  *Id.* ¶ 18.   Their website, www.styleinstones.com, displays numerous unauthorized and infringing copies of ISNA's copyrighted works.  *Id.*  The website also uses the ISLAND STONE mark without authorization from Plaintiffs and falsely suggests that Style in Stones is part of ISI's international network of suppliers.  *Id.* ¶ 19.   Plaintiffs have received reports from consumers indicating confusion as to whether Style in Stones is affiliated with Plaintiffs (which it is not).  *Id.*  Island Stone India and Gupta's acts constitute copyright infringement, trademark infringement, unfair competition and false designation in violation of the Lanham Act, deceptive and unfair trade practices in violation of FDUTPA, misleading advertising in violation of Florida law, and unjust enrichment under Florida law.  *Id.* at 6-12.

This Court has personal jurisdiction over Gupta because this action arises from: (a) a business venture that has been operated, conducted, engaged in, or carried on by Island Stone India and Gupta in Florida; and (b) tortious acts committed by Gupta within the State of Florida.   Gupta purposefully directed his activities in Florida, and this litigation results from injuries that arise out of or relate to those activities.   In addition, Gupta is engaged in substantial and not isolated activity in Florida.  *Id.* ¶ 7.

       2.   *Gupta's Answer.*

Gupta filed his answer to Plaintiffs' complaint on May 9, 2016.   Doc. No. 14.   Gupta's 13-page answer does not include a separate section entitled "affirmative defenses" or "defenses," but it clearly preserved his objections to the Court exercising jurisdiction over him.   For example, in responding to Paragraph 7 of the complaint, Gupta stated, "The defendants denies that this court has personal jurisdiction over defendants[.]   Defendants does not resides in USA and don't have any

office or residence in USA.  Defendants have not opened any office or venture in Florida[.] Defendants have not directed any activity purposefully in Florida.  Defendants are not engaged any substantial activity in Florida." *Id.* ¶ 7.  Likewise, in a section titled "Preliminary Objections," Gupta again stated, "[T]he defendants have not opened any business venture in Florida and there is not any activity in state of Florida.  There is no substantial or isolated activity of defendants in Florida . . . . [T]he defendants are not residing in USA and do not have any office or residence in USA." *Id.* ¶¶ 27-28.

As to the substantive allegations of Plaintiffs' complaint, Gupta denied that he operates, dominates, and controls Island Stone India.  *Id.* ¶ 5(c).  Regarding ISI's trademarks, Gupta accused Plaintiffs of wrongdoing in connection with obtaining their trademark, but he did not deny that ISI owns a valid trademark in ISLAND STONE.  *Id.* ¶ 11.  Likewise, Gupta alleged that the trademark license between ISI and ISNA is a sham because the two companies are interrelated, but he did not deny the existence of the license.  *Id.* ¶ 12.  As to the copyrights, Gupta alleged that the pictures for which ISNA is claiming copyrights are actually pictures of materials that had been supplied by Island Stone India and Gupta, but he did not deny that ISNA has valid copyrights in the pictures. *Id.* ¶¶ 14, 18.[5]  Gupta also denied that Defendants were using any pictures which had been copyrighted by Plaintiffs and attached to the complaint.  *Id.* ¶ 14.

Regarding Style in Stones, Gupta declined to respond to Plaintiffs' allegation regarding the existence of Style in Stones as a Florida limited liability company because he alleged that the allegation was not relevant to this lawsuit.  *Id.* ¶ 16.  As to the allegations that Island Stone India

---

[5] Gupta did state that Plaintiffs had not submitted copyright registration certificates and asked the Plaintiffs to produce those certificates. Doc. No. 14 ¶ 18(e).  He did not, however, deny that ISNA owns the copyrights, and his answer appears to overlook the fact that Plaintiffs did attach copies of copyright registration certificates to their complaint.  *See* Doc. No. 1-3.

and Gupta solicited Terry and Maria Stout to form Style in Stones and directed and controlled Style in Stones's marketing, sales, and distribution decisions, Gupta stated, "[T]he allegations made in this clause are false and do not have any substance in it.  Island Stone India does not have any relation to Style in Stones Inc. Florida."  *Id.* ¶ 17.   Regarding the website, Gupta did not deny that he and Island Stone India registered the domain name styleinstones.com or that they did so to further the business of Style in Stones (and their own business).  *Id.* ¶ 18.   Indeed, he admitted that Defendants started working on the new brand name of Style in Stones and started promoting their products on the website www.styleinstones.com.  *Id.*   Gupta also stated that the ISLAND STONE trademark does not appear anywhere on the website.  *Id.* ¶ 19.

The following statement, labeled "Verification," appears at the end of Gupta's answer: "Verified that the contents of paragraph nos. 1-5, 9-24 & 25-47 of the writ petition are true and correct to my knowledge and the paragraph no. 6, 7 & 8, regarding the jurisdiction of the matter and venue is based on the legal advice given to me which, I believe to be true and correct.   No part of the present writ petition is false or misstated and nothing relevant has been deliberately kept concealed there from."  *Id.* at 13.

### 3.   Gupta's Motion to Dismiss.

Gupta filed his motion to dismiss on December 2, 2016, approximately seven months after filing his answer.   Doc. No. 44.   Gupta repeated his claims that he is not a resident of Florida, does not have an office in Florida, has not operated any office or venture in Florida, does not have any relationship with Style in Stones, does not have any relationship with Terry or Maria Stout, has not directed any activity purposefully in Florida, is not engaged in substantial activity in Florida, and has not committed any tortious acts in Florida.   *Id.* at 2.   He also argued that Plaintiffs' complaint should be dismissed for lack of personal jurisdiction because it is entirely based on the internet

activity of the www.styleinstones.com website.  *Id.* at 2-4.  Gupta's motion was not verified and was not supported by any evidence.

4.  *Plaintiffs' Response to Motion to Dismiss.*

In their response to Gupta's motion to dismiss, Doc. No. 54, Plaintiffs argued that the motion was not supported by competent evidence.  Thus, they argued, the Court should deny the motion because Plaintiffs' complaint makes out a prima facie case of personal jurisdiction over Gupta. They also argued that, even if the Court looked beyond the complaint, the evidence showed that personal jurisdiction over Gupta was appropriate.  In support of this argument, they cited to the affidavit of Heppner, ISNA's CEO.  In his affidavit, Heppner avers that he is the CEO of ISNA. Doc. No. 55.  He states that he "reviewed the business records of ISNA and ISI, along with other documents relating to the claims asserted in this case" and that he is "authorized to make this affidavit on behalf of ISI and ISNA."  *Id.* ¶ 2.  Heppner provides a detailed history of ISI and ISNA and the trademark and copyrights at issue in this lawsuit.  *Id.* ¶¶ 3-16.  He also makes various assertions about Gupta and Style in Stones's business dealings, which are supported by emails ISNA received from its customers and documents Plaintiffs received from Style in Stones in another lawsuit.  *See, e.g.*, *id.* ¶¶ 23-24, 26-29 and Doc. Nos. 55-9 through 55-13.

After addressing the evidence submitted by the parties, I address Plaintiffs' arguments regarding personal jurisdiction, below.

C.  <u>The Court Should Limit its Review to the Face of Plaintiffs' Complaint.</u>

As explained above, Plaintiffs bear the initial burden of pleading a prima facie case of personal jurisdiction.   When a defendant fails to rebut a plaintiff's prima facie case with affidavits, the Court must accept the allegations of the plaintiff's complaint as true, and any motion to dismiss is considered a facial challenge to the sufficiency of the complaint's jurisdictional allegations.   *See Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333-34 (M.D. Fla. 2009) (citation omitted).   Here, Gupta has not submitted affidavits or other admissible evidence in support of his motion to dismiss.   His motion is an unsworn document that is not supported by an affidavit.   *See* Doc. No. 44.   Moreover, his "verified" answer cannot take the place of an affidavit because it does not comply with 28 U.S.C. § 1746(1), which provides that an unsworn declaration executed outside of the United States may take the place of an affidavit if it is substantially in the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."   Although the verification need not strictly comply with the statutory language, it must be made "under penalty of perjury."   *See, e.g.*, *Smith v. Psychiatric Solutions, Inc.*, No. 3:08cv3/MCR/EMT, 2009 WL 903624, at *5 (N.D. Fla. Mar. 31, 2009) (citation omitted); *Bryant v. Orlando Sentinel Commc'ns Co.*, No. 6:05-cv-1710-Orl-19UAM, 2007 WL 1796258, at *5 (M.D. Fla. June 20, 2007).   Gupta's verification does not include a statement that it was made under penalty of perjury.   Doc. No. 14, at 13.[6]   Thus, I recommend that the Court not consider it in deciding the motion to dismiss and, instead, consider

---

[6] Gupta also attached documents to his answer.   None were properly authenticated, and, regardless, none contradict the key personal jurisdiction allegations—that he solicited the Stouts to form Style in Stones in Florida, controlled Style in Stones, and used his website to promote Style in Stones.

only whether the face of Plaintiffs' complaint adequately alleges a prima facie case of personal jurisdiction.[7]

D.   Plaintiffs Have Alleged a Prima Facie Case of Personal Jurisdiction.

As explained above, Plaintiffs bear the burden of pleading a prima facie case of personal jurisdiction.   I recommend that the Court find that they have met this burden, as explained below.

*1.   The Exercise of Jurisdiction is Appropriate under Florida's Long-Arm Statute.*

First, Plaintiffs have sufficiently alleged facts showing that Florida's long-arm statute provides a basis for exercising jurisdiction.   Plaintiffs assert the Court has personal jurisdiction over Gupta under three potentially relevant provisions of Florida's long-arm statute.   First, Plaintiffs argue that the Court has personal jurisdiction over Gupta under Fla. Stat. § 48.193(1)(a)(1), which confers specific personal jurisdiction[8] over any nonresident defendant who—either personally or through any agent—operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida.   Doc. No. 54, at 12.   Second, Plaintiffs argue that the Court has personal jurisdiction over Gupta under Fla. Stat. § 48.193(1)(a)(2), which confers specific personal jurisdiction over any nonresident defendant who commits a tortious act within the state,

---

[7]   On this state of facts, there is no need for Plaintiffs to supplement their response to Gupta's motion with further evidence.   I do note, however, that many, if not all, of the relevant portions of the Heppner affidavit are likely inadmissible.   For example, some portions of the affidavit are clearly not based on Heppner's review of ISNA or ISI's business records and also seem clearly not to be within his personal knowledge.   *See, e.g.*, Doc. No 55 ¶ 22 (emphasis added) ("Style LLC was formed by Maria Stout and Olga Kutukhova, *but at the direction of Gupta.*").   In addition, the Heppner affidavit relies on emails ISNA received from clients who expressed confusion about Style in Stones's communications.   *See* Doc. Nos. 55-10, 55-11.   Those emails do not appear to be business records of ISNA (and Heppner's affidavit does not allege that they are); thus, they are likely hearsay.   As a final example, the Heppner affidavit relies on documents   obtained from Style in Stones in another lawsuit.   *See* Doc. Nos. 55-8, 55-9, 55-12, 55-13.   Most of those documents are also hearsay and, even if some might qualify as admissions of party opponents, Heppner cannot authenticate them (nor does his affidavit purport to do so).

[8]   "[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within [the forum state]," whereas "[g]eneral personal jurisdiction is based on a defendant's substantial activity in [the forum state] without regard to where the cause of action arose."   *Louis Vuitton*, 736 F.3d at 1352 (citations omitted).

whether personally or through an agent.  *Id*.  Third, Plaintiffs argue that the Court has personal jurisdiction over Gupta under Fla. Stat. § 48.193(2), which confers general personal jurisdiction over any nonresident defendant who "is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise . . . ."  Under this prong of the long-arm statute, the general jurisdiction contacts of an agent are imputed to the agent's principal.  *See Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1250 (S.D. Fla. 2015) (citation omitted).

I recommend that the Court find that Plaintiffs have adequately pleaded a prima facie case of personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1).[9]  Under this prong of the long-arm statute, Gupta is subject to the Court's personal jurisdiction if (1) he personally, or through an agent, carried on a business or business venture in Florida or had an office or agency in Florida; and (2) the causes of action in this lawsuit arise from that conduct.  Plaintiffs' complaint alleges that Gupta solicited Terry and Maria Stout to form the Style in Stones Company and that he directed and controlled Style in Stones's marketing, sales, and distribution decisions.  Doc. No. 1 ¶ 17.  Because Plaintiffs have alleged that Gupta exercised such significant control over Style in Stones, its actions are properly attributable to Gupta for purposes of the personal jurisdiction analysis.  *See Virgin Health*

---

[9] Because Plaintiffs have adequately pleaded a prima facie case under this prong, the Court need not consider their alternative arguments that personal jurisdiction is appropriate under the "tortious acts" or general jurisdiction prongs.  As to the "tortious acts" prong, however, I note that Plaintiffs likely have not pleaded a prima facie case because the complaint does not allege that the www.styleinstones.com website was *actually accessed* in Florida (as opposed to alleging simply that the website was *accessible* in Florida). *See, e.g.*, *Marshall*, 39 So. 3d at 1214-16 (holding, in response to a certified question from the Eleventh Circuit in a case alleging that statements posted on a website were defamatory, that the "tortious acts" prong of the long-arm statute requires that the website have been both accessible in Florida and actually accessed in Florida); *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-cv-332-FtM-29SPC, 2011 WL 1232985, at *5-6 (M.D. Fla. Mar. 30, 2011) (applying the *Marshall* "actually accessed" test in a trademark case); *Edwards v. Trade Publ'g Ltd.*, No. 6:10-cv-1883-Orl-31KRS, 2011 WL 5416190, at *9 (M.D. Fla. Aug. 18, 2011), *report and recommendation adopted in part and rejected in part on other grounds by* 2011 WL 5459549 (Aug. 18, 2011) (finding it appropriate to apply the *Marshall* "actually accessed" test in a copyright case).

*Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010) (cited as persuasive authority) (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 424 n. 5 (Fla. 1990)) (under Florida law, a finding of agency requires (1) acknowledgment by the principal that the agent will act for him; (2) acceptance by the agent; and (3) control by the principal over the actions of the agent); *Harbaugh v. Greslin*, 436 F. Supp. 2d 1315, 1320 (S.D. Fla. 2006) (citations omitted) (under Florida law, control is critical to determination of agency and a litigant must demonstrate "operational control" to demonstrate that a principal operated, conducted, engaged in, or carried on business activities within Florida through agents pursuant to Fla. Stat. § 48.193(1)(a)(1); evidence of operational control includes evidence that the principal controlled the internal affairs of the agent or determined how the agent operated on a daily basis).

Plaintiffs' complaint also adequately alleges that Style in Stones carried on a business or had an office in Florida.   In considering whether an individual or company has carried on a business for purposes of the long-arm statute, "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit."   *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc.*, 218 F.3d at 1249).   Factors relevant to, but not dispositive of, this analysis include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients.   *Id.* (citations omitted).   Here, Plaintiffs have alleged that Style in Stones is a Florida limited liability company with its principal place of business in Orlando, Florida and that it was organized to distribute and sell tile and stone products similar to those offered by Plaintiffs.   Doc. No. 1 ¶ 16.   Because Plaintiffs have alleged that Style in Stones is authorized to do business in Florida, has its main office in Florida, and was organized to distribute and sell

stone and tile products, I recommend that the Court find that Plaintiffs have adequately alleged that Style in Stones demonstrates a general course of activity in the state for pecuniary benefit for purposes of Fla. Stat. § 48.193(1)(a).  *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1522 (11th Cir. 1985) (finding § 48.193(1)(a)(1) satisfied as to principal where agent was authorized to transact business in Florida and had registered office and registered agent in Florida).

Because Style in Stones's actions are attributable to Gupta, Gupta is subject to this Court's personal jurisdiction under § 48.193(1)(a)(1), so long as the causes of action in this lawsuit arise from Style in Stones's business activities.   Plaintiffs also clear that hurdle.   All of the causes of action in this lawsuit relate to the material published on the www.styleinstones.com website.   Doc. No. 1.   Plaintiffs have alleged that Gupta registered the styleinstones.com domain name in furtherance of the business of Style in Stones and used that website to display unauthorized material. *Id.* ¶ 18.   This connection between Style in Stones's business activities and the causes of action in this lawsuit is sufficient to justify the exercise of specific personal jurisdiction over Gupta under § 48.193(1)(a).

> ### 2. *Exercising Personal Jurisdiction Over Gupta Would Not Violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.*

I also recommend that the Court conclude that exercising personal jurisdiction over Gupta would not violate the due process clause of the Fourteenth Amendment to the U.S. Constitution.   In specific personal jurisdiction cases, courts apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."   *Louis Vuitton*, 736 F. 3d at 1355 (citations omitted).   Here,

all three elements are satisfied.

First, Plaintiffs' claims—all of which relate to material published on the www.styleinstones.com website—arise out of Gupta's contacts with Florida.  As explained above, Plaintiffs' complaint alleges that Gupta solicited Terry and Maria Stout to form Style in Stones in Florida and then used the www.styleinstones.com website to further the Style in Stones business by posting images and content that Plaintiffs allege infringe their trademark, infringe their copyrights, constitute deceptive and unfair trade practices, and constitute misleading advertising.  Doc. No. 1 ¶¶ 16-19, 27-75.  This is sufficient to show that this lawsuit arises out of Gupta's contacts with Florida.

Second, Plaintiffs have shown that Gupta purposefully availed himself of the privilege of doing business in Florida.  In intentional tort cases, such as this one, *see, e.g., Louis Vuitton*, 736 F.3d at 1355 (applying intentional tort analysis to lawsuit alleging trademark infringement), there are two applicable tests for determining whether purposeful availment occurred.  First, courts may apply the *Calder v. Jones*, 486 U.S. 783 (1984), "effects test."  The "effects test" is met when the tort: "(1) [was] intentional; (2) [was] aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state.  *Louis Vuitton*, 736 F. 3d at 1356 (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1285-86 (11th Cir. 1999)).

Courts may also apply a traditional "minimum contacts" test for purposeful availment.  *Id.* Under that test, courts assess the nonresident defendant's contacts with the forum state and ask whether those contacts: "(1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum."  *Id.* at 1357 (citation omitted).  In performing this analysis, courts "identify all contacts

between a nonresident defendant and a forum state and ask whether, individually or collectively, those contacts satisfy these criteria." *Id.* (citation omitted).   In evaluating the actions that constitute such minimum contacts, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws."   *Sun Bank, N.A. v. E.F. Hutton & Co., Inc.*, 926 F.2d 1030, 1034 (11th Cir. 1991) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).   This "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . ."   *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

I recommend that the Court find that Plaintiffs' complaint adequately alleges that Gupta purposefully availed himself of the privilege of doing business in Florida under the traditional "minimum contacts" test.   As explained above, Gupta's contacts with Florida (soliciting the Stouts to form Style in Stones and operating the www.styleinstones.com website to further that business) are related to the causes of action in this lawsuit.   Second, Plaintiffs have alleged that Gupta solicited the Stouts to form Styles in Stones as a Florida limited liability company and then directed and controlled the marketing, sales, and distribution decisions of that Florida company.   Doc. No. 1 ¶¶ 17-18.   This is sufficient to allege that Gupta purposefully availed himself of the privileges of doing business within Florida.[10]   Finally, it was reasonably foreseeable that Gupta would be haled into court in Florida to litigate a lawsuit that relates to Gupta's formation, control, and promotion (via the www.styleinstones.com website) of a Florida limited liability company.   This is not a case

---

[10] Alternatively, as Gupta's agent, Style in Stones's actions can be imputed to Gupta for purposes of the due process analysis.   *See Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002) (finding that activities of domestic subsidiary were sufficient to constitutionally extend jurisdiction over a non-resident corporation). Here, Style in Stones, a Florida limited liability company with its principal place of business in Florida that was organized to distribute and sell stone and tile products has clearly purposefully availed itself of the privilege of doing business in Florida.

where Gupta will be haled into Florida solely as a result of "random," fortuitous," or "attenuated" contacts.

Finally, I recommend that the Court find that exercising personal jurisdiction would comport with traditional notions of fair play and substantial justice. Here, Plaintiffs have met their burden of establishing the first two prongs of the due process test. Thus, Gupta "must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1267 (11th Cir. 2010)). In this analysis, courts consider four factors: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute. *Id.* at 1358 (citing *Licciardello*, 544 F.3d at 1288).

Although I recognize that Gupta lives in India, he has not offered any evidence of his finances or any other limitations on him to show that he would be burdened by having to litigate the case in Florida. *See id.* (noting that defendant similarly had failed to make such a showing).[11]

---

[11] Gupta has not even explicitly argued that exercising personal jurisdiction over him would run afoul of the requirements of due process. Aside from a laundry list of unsworn, conclusory assertions designed to deny the existence of personal jurisdiction (for example, "Defendants have not opened any office or venture in Florida," "Defendants are not involved or directed any activity purposefully into Florida," and "Defendants are not engaged in substantial activity in Florida"), *see, e.g.*, Doc. No. 44, at 2, Gupta's argument consists mainly of summaries of cases purporting to establish the "[l]egal standard of personal jurisdictions for internet cases." *Id.* at 2-3. Gupta did not provide citations to all of the cases, but—to the extent I have been able to locate them—they are inapposite. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011), addressed the issue of whether foreign subsidiaries of a United States parent corporation are amenable to suit in state court on claims unrelated to any activity of the subsidiaries in the forum state. *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746 (2014), concerned the authority of a court in the United States to entertain a claim brought by foreign plaintiffs against a foreign defendant based on events occurring entirely outside the United States and focused its analysis on the questions of general, not specific, jurisdiction. While Plaintiff correctly notes that the court in *McDonogh v. Fallon McElligott, Inc.*, No. CIV. 95-4037, 1996 WL 753991 (S.D. Cal. 1996), concluded that a commercial website's accessibility to forum residents, standing alone, is insufficient to establish personal jurisdiction over the creator of the site in a suit that does not arise out of the operation of the site itself, Plaintiffs' case *does* arise out of the operation of the www.styleinstones.com website. Moreover, Plaintiffs do not rest their jurisdictional allegations on the accessibility of the website alone—they also link Gupta to Style in Stones, a Florida limited liability company

Rather, the record reflects that Gupta travels to the United States when he wishes to do so, such as when he travelled to Chicago to attend a trade show (which was the location where he was served with process).   Doc. No. 44, at 6.   Moreover, because "modern methods of transportation and communication" have significantly reduced the burden on foreign nationals who are forced to litigate in the United States, only in "rare cases" do the "minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction."   *Maurer Rides USA, Inc. v. Beijing Shibaolai Amusement Equip. Co., Ltd.*, No. 6:10-cv-1718-Orl-37KRS, 2014 WL 3687098, at *5 (M.D. Fla. July 24, 2014) (quoting *U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1547 (11th Cir. 1997)).   Gupta has not provided evidence that his is such a "rare case."   In addition, to the extent that this litigation is burdensome to Gupta, I recommend that the Court find that that burden is outweighed by Florida's interest in adjudicating claims that affect its consumers (and implicate the activities of companies organized in its state, such as Style in Stones), Plaintiffs' interest in litigating this case in their chosen forum, and the judiciary's interest in resolving the dispute in the forum where this case has been pending for nearly a year.   *See Louis Vuitton*, 736 F.3d at 1358.

In sum, because Plaintiffs have demonstrated that this Court has specific personal jurisdiction over Gupta pursuant to Fla. Stat. § 48.193(1)(a)(1), and exercising that jurisdiction is consonant with due process, I recommend that the Court deny Gupta's motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction.   Alternatively, if the Court concludes that Plaintiffs have

---

with its principal place of business in Florida.   *Bensusan Restaurant Corp.*, 126 F.3d 25 (2d Cir. 1997), addressed the applicability of New York's long-arm statute, not Florida's long-arm statute.   Finally, in *IDS Life Insurance Co. v. Sun America, Inc.*, 958 F. Supp. 1258 (N.D. Ill. 1997), the court found that the exercise of general jurisdiction could not rest solely on a defendant's national or internet advertising.   In this case, however, Plaintiffs allege that Gupta is subject to the Court's specific personal jurisdiction and, as previously mentioned, do not rest their jurisdictional allegations solely on the accessibility of the www.styleinstones.com website in Florida.

not pleaded a prima facie case of personal jurisdiction, I recommend that the Court allow Plaintiffs to file an amended complaint and deny Gupta's motion to dismiss for lack of personal jurisdiction without prejudice to being reasserted within a period of time to be ordered by the Court following the filing of the amended complaint.

## IV.    SUFFICIENCY OF PROCESS AND SERVICE OF PROCESS.

Gupta also argues that this case should be dismissed due to insufficient process and insufficient service of process.   I recommend that the Court reject both arguments.

First, the process in this case was sufficient.   Gupta's only arguments on this point are that the summons was not signed by the person who delivered it and that the summons did not contain "required service information."   Doc. No. 44, at 6.   Federal Rule of Civil Procedure 4(a) provides that a summons must: (a) name the court and the parties; (b) be directed to the defendant; (c) state the name and address of the plaintiff's attorney (or, if unrepresented, of the plaintiff); (d) state the time within which the defendant must appear and defend; (e) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (f) be signed by the clerk; and (g) bear the court's seal.   There is no requirement that the person who delivers the summons sign it.   In addition, I have reviewed the summons served on Gupta (Doc. No. 12), and it complies with all the requirements of Rule 4(a).   Thus, I recommend that the Court deny Gupta's motion to dismiss for insufficient process.[12]

---

[12] Gupta also complains that Plaintiffs misled the Court by giving a false address for Island Stone India on the summons.   Doc. No. 44, at 5.   This argument is not well taken because, as explained above, Gupta cannot represent Island Stone India.   Regardless, Rule 4(a) does not require that the summons correctly state the address for a defendant.   Moreover, it does not appear that the address listed on the summonses issued (2301 South King Drive, Chicago, Illinois 60616) (Doc. No. 12, at 2; Doc. No. 13, at 2), is "false."   Rather, it is the address of the convention center in Chicago where Plaintiffs anticipated making service on Defendants.   *See* Doc. No. 12, at 1 (noting that Gupta confirmed with the process server that he was the defendant both verbally and by showing his "Company access ID Badge that all vendors must wear to attend the show"); Doc. No. 44, at 6 (stating that the summons was handed to Gupta "in the Covering Stone show exhibition in McCormick Place, Chicago").

Second, the service of process was sufficient.   The affidavit of service (Doc. No. 12) shows that Gupta was served in Chicago, Illinois.   Thus, Rule 4(e)—which applies to service on an individual within a judicial district of the United States—applies.   Rule 4(e) provides that, "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by," *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or "delivering a copy of the summons and of the complaint to the individual personally," Fed. R. Civ. P. 4(e)(2)(A).   Here, the affidavit of service (Doc. No. 12) shows that the process server handed a copy of the summons and the complaint to Gupta personally.   Thus, service was sufficient under Rule 4(e)(2)(A).   Alternatively, both Florida law, Fla. Stat. § 48.031(1)(a), and Illinois law, 735 Ill. Comp. Stat. 5/2-203, provide that service is effective if it was personally delivered to the individual defendant—as it was here.

Gupta's objections to service of process are not well taken.   He argues that service was insufficient because the summons was not delivered to his place of business or his usual dwelling or place of abode.   He also argues that service was insufficient because it was not sent by postal mail.   Finally, Gupta argues that service was insufficient because he was not served in Middle District of Florida.   Doc. No. 44, at 5-6.   These arguments are largely directed at the alleged insufficiency of service of process on Island Stone India.   As explained above, Gupta cannot represent Island Stone India in this Court, and thus, the Court should not consider these arguments. To the extent that these arguments apply to the sufficiency of service of process on Gupta, these arguments seem to assume that Plaintiffs were attempting to perfect service under Rule 4(h)(2) or Florida law for serving a corporation (specifically, Fla. Stat. § 48.081).   Doc. No. 44, at 4-5.   Rule

4(h)(2) applies to serving a corporation at a place not within any judicial district of the United States. It is inapplicable because Gupta is an individual and, in any event, was served within the United States.   Florida Statutes § 48.081 applies to serving a corporation, not an individual, and is also inapplicable.   Finally, Rule 4(e) does not require that a defendant be served in the judicial district where a lawsuit has been filed.   In sum, because Gupta was personally served with a copy of the summons and complaint in Chicago, Illinois, he was properly served under Rule 4(e)(1) and (2)(A). Therefore, I recommend that the Court deny Gupta's motion to dismiss for insufficient service of process.

## V.      VENUE.

Gupta also argues that this action should be dismissed for improper venue.   I recommend that the Court reject this argument.

The venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in: (1) the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in § 1391(b), any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.   Section 1391(c)(3), in turn provides, "[f]or all venue purposes . . . a person not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."   In this case, Gupta is admittedly a resident of India.   Thus, for venue purposes, a lawsuit against him may be brought in any judicial district, including the Middle District of Florida.   *See* 14D Charles Alan Wright, et al., *Federal Practice & Procedure*

*Jurisdiction* § 3810 & n. 22(4th ed.) (citing, *inter alia*, H.R. Rep. No. 122-19(2011); *iFLY Holdings LLC v. Indoor Skydiving Germany GMBH*, No. 2:14-cv-0108-JRG-RSP, 2015 WL 5909729, at *2 (E.D. Tex. Oct. 7, 2015)) ("[A] natural person who is an alien but not admitted for permanent residence in the United States may be sued in any district . . . .  The result of this amendment is that non-residents of the United States simply may not object to venue.").[13]

Gupta argues that venue is improper because 28 U.S.C. § 1400(a) (which governs venue in federal copyright actions) applies.  Doc. No. 44, at 6.  Section 1400(a) provides that federal copyright actions "may be instituted in the district in which the defendant or his agent resides or may be found."  Gupta argues that, because he does not reside in the Middle District of Florida, § 1400(a) prohibited Plaintiffs from bringing suit against him here.  This argument is incorrect in two respects.  First, § 1391(c)(3) applies "[f]or *all* venue purposes" (emphasis added).  That is,  § 1391(c)(3) is not displaced by special statutory venue statues, such as § 1400.  *See Melissa & Doug, LLC v. LTD Commodities, LLC*, No. 15-CV-8085(JPO), 2016 WL 4367975, at *5 (S.D.N.Y. Aug. 15, 2016) (citing *In re Poseidon Concepts Sec. Litig.*, No. 13cv1213(DLC), 2016 WL 3017395, at *8 (S.D.N.Y. May 24, 2016)) (rejecting argument that venue was improper under § 1400(a) in a lawsuit against a foreign company); *see also Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) (explaining that § 1391(c)(3)'s predecessor—§ 1390(d)—is not confined to the general venue statute; rather it controls in all cases, including those that would ordinarily fall with the venue provision of § 1400).  Second, even if § 1391(c)(3) did not apply to §1400(a), courts

---

[13]  In such cases, a defendant's protection against being sued in an inappropriate forum depends upon whether the defendant was subject to personal jurisdiction in that district.  *See* 14D Wright, et al., *Federal Practice & Procedure Jurisdiction* § 3810 n. 24 (4th ed.) (citing H.R. Rep. No. 112-10, at 22 (2011)); *My PI, LLC v. My Pie Int'l, Inc.*, No. 14-62394-CIV, 2015 WL 11199823, at *2 (S.D. Fla. June 9, 2015) ("Under 28 U.S.C. § 1391(c), venue over a non-resident defendant is proper only in the forums in which personal jurisdiction is found to exist.  Accordingly, Defendant's 'improper venue' claim merges with the 'lack of personal jurisdiction' analysis for the purpose of this motion.").  I have already recommended, above, that the Court find that Gupta is subject to this Court's personal jurisdiction.

have interpreted the "to be found" language of § 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction. *See, e.g.*, *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004) (citations omitted).   I have already recommended that the Court find that Gupta is amenable to personal jurisdiction in this Court.   Accordingly, venue would also be appropriate under § 1400(a).   *See Precision Software Servs, Inc. v. Fortune Fin. Sys., Inc.*, No. 98-136-CIV-FTM-17D, 1998 WL 1759759, at *7 (M.D. Fla. Nov. 9, 1998) (finding that venue was appropriate under § 1400(a) because the Court had already found that it had personal jurisdiction over the defendant).   Therefore, I recommend that the Court deny Gupta's motion to dismiss for improper venue.

## VI.    FRAUD ON THE COURT.

Finally, Gupta argues that Plaintiffs' complaint should be dismissed because Plaintiffs have committed a fraud on the Court.[14]   I recommend that the Court deny this request.

The Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices."   *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2009 WL 899925, at *4 (S.D. Fla. Mar. 31, 2009), *aff'd*, 371 F. App'x 994 (11th Cir. 2010) (citation omitted).   This includes the "inherent power to sanction a fraud upon the Court, which sanction can include dismissal of a case."   *Gyasi v. M/V "ANDRE,"* No. 07-23282-CIV, 2008 WL 162644, at *2 (S.D. Fla. Jan. 16, 2008) (citation omitted).   Invocation of the Court's inherent power requires a finding of bad faith.   *In re Mroz*, 65 F.3d 1567, 2575 (11th Cir. 1995).   In determining

---

[14]   Gupta's prayer for relief also asks that the Court, on its own motion, "initiate a case of perjury and contempt of court against the plaintiff for misleading and hiding the facts from Honorable Court and not stating the true facts, thus resulting in the wastage of expensive and valuable man hours of this honorable court."   Doc. No. 44, at 10.   It is unclear if this request is intended to be coextensive with the request that the Court dismiss the case because Plaintiffs have committed fraud.   To the extent this is a separate request, I recommend that it be denied.   As to the perjury claim, Gupta has submitted no evidence showing that Plaintiffs have made false statements under oath in this case.   And, as to the contempt claim, I am unaware of (and Gupta has not identified) any Court orders that Plaintiffs have failed to obey.

whether sanctions are appropriate under the bad faith standard, the court focuses on the conduct and motive of a party, rather than on the validity of the case. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885-BLOOM/VALLE, 2016 WL 3944176, at *4 (S.D. Fla. Feb. 9, 2016) (citation omitted). Bad faith can be found when a party commits a fraud on the court, but because the Court's inherent powers are so potent, they must be exercised with restraint and discretion. *Id.* (citations omitted). Thus, sanctions for fraud are reserved for the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated. *Gupta v. U.S. Attorney Gen.*, 556 F. App'x 838, 840-41 (11th Cir. 2014) (per curiam) (cited as persuasive authority) (citation omitted).

The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of a fraud on the court. *Id.* Instead, a party must show "an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Stonecreek-AAA, LLC v. Wells Fargo Bank N.A.*, No. 1:12-cv-23850-COOKE/TURNOFF, 2014 WL 12514900, at *1 (S.D. Fla. May 13, 2014) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)). Fraud on the court must be proven by clear and convincing evidence. *Id.* (citation omitted).

Gupta has failed to demonstrate a fraud on the Court. As explained above, none of his allegations are supported by admissible evidence.[15] And, even if his claims were supported by evidence, they are not sufficient to rise to the level of a fraud on the Court. Gupta lodges a myriad

---

[15] Gupta did attach some documents to his answer, but none of them are properly authenticated (and some of them are not even written in English).

of allegations against Plaintiffs, but, broadly speaking, they fall into four categories, each of which I address, in turn.

First, some of Gupta's allegations of "fraud" appear to be merely misunderstandings or differences in nomenclature. For example, as noted above in footnote 12, Gupta accuses Plaintiffs of providing a false address for Defendants (Doc. No. 44, at 7), when they simply used the address of the convention center where they intended to serve Defendants (Doc. Nos. 12-13). This action certainly does not amount to a fraud on this Court. Likewise, Gupta objects to Plaintiffs' allegation that "Island Stone India is not related to ISI or ISNA" (Doc. No. 1 ¶ 4). Gupta insists that this is untrue because Island Stone India had a relationship with Plaintiffs in the past (Doc. No. 44, at 7-9). Plaintiffs' complaint can, however, be read simply to say that they have no present legal relationship with Island Stone India, not that they never had any dealings with Island Stone India. Such a statement is arguably true and, thus, not a basis for finding that Plaintiffs have committed a fraud on this Court. Finally, Gupta complains that Plaintiffs "fraudulently delivered summon in connivance with delivery person at Covering Show in McCormick Place, Chicago," which lead to "insufficient process as well service of process." Doc. No. 44, at 7. As explained above, though, Plaintiffs properly served Gupta in accordance with the Federal Rules of Civil Procedure and there was nothing untoward about the manner of service.

Second, Gupta provides a long list of facts that he says Plaintiffs have concealed from the Court, most of which relate to the history of the relationship between Island Stone India and Plaintiffs and the relationship between the two Plaintiffs (Doc. No. 44 ¶ 8). As explained above, however, the mere nondisclosure of arguably pertinent facts does not ordinarily rise to the level of fraud. If Gupta believes that these facts are pertinent (and it is not clear that they are), then the proper course is for him to prove them during the course of litigation.

Third, Gupta accuses Plaintiffs of a variety of out-of-court misconduct (all without substantiating evidence), such as misleading and cheating the American people (*see, e.g.*, *id.* ¶¶ 7(g), 8(vi)), organizing their business dealings to commit tax fraud and money laundering (*see, e.g.*, *id.* ¶ 8(vii)-(viii)), copying Island Stone India's name (*see, e.g.*, *id.* ¶ 8(xix)), and making false declarations to the United States Patent and Trademark Office (*see, e.g.*, *id.* ¶ 8(xxxii)).   By definition, such out-of-court conduct cannot be the basis for a finding that Plaintiffs have committed a fraud on this Court.   Again, to the extent Gupta thinks that any of this out-of-court conduct is relevant to the instant litigation, his remedy is to provide evidence of the conduct, not seek to have the lawsuit dismissed on fraud grounds.

Finally, Gupta asserts that some of the allegations of the complaint are untrue.   For example, he alleges that Plaintiffs have "misled the Honorable court by declaring themselves as manufacturers of high end design material where as both the companies are trading companies" (*id.* ¶ 7(f)) and "by reflecting that Petitioner have office or branch office in USA" (*id.* ¶ 7(b)).   But a mere denial of a complaint allegation (even if provably correct) is not enough to make a cause of fraud on the court— if it were, a large number of lawsuits would be due to be dismissed on fraud grounds.   To the contrary, false statements alone (even when made under oath) are insufficient, standing alone, to indicate the type of bad faith warranting sanctions under the court's inherent power.   *See Tarasewicz*, 2016 WL 3944176, at *5 (citations omitted).   Instead, a party must show "an unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter . . . ." *Stonecreek-AAA, LLC*, 2014 WL 12514900, at *1 (quoting *Aoude*, 892 F.2d at 1118).   Gupta's disagreements with the allegations of the complaint (even when considered in conjunction with all his other allegations of fraud) do not meet this standard.   Gupta has not even alleged (much less proven) that Plaintiffs have manufactured evidence or otherwise engaged in the

type of extreme malfeasance required to show that a party has interfered with a court's ability to impartially adjudicate a matter.  *See Gupta*, 556 F. App'x at 841 (noting that fraud sanctions are reserved for extreme misconduct, such as bribery or fabrication of evidence by a party in which an attorney is implicated); *see also Tarasewicz*, 2016 WL 3944176, at *5 (collecting cases where fraud sanctions were imposed, many of which involve the repeated use of fabricated evidence and continual, flagrant discovery abuse).   Therefore, I recommend that the Court deny Gupta's motion to dismiss because of an alleged fraud on the Court.

## VII.   RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Gupta's motion to dismiss (Doc. No. 44).   If the Court concludes that Plaintiffs have not alleged a prima facie case of personal jurisdiction over Gupta in their complaint, I recommend that the Court allow Plaintiffs leave to amend their complaint within a period of time established by the Court.

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 4, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE