# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISLAND STONE INTERNATIONAL LIMITED and ISLAND STONE NORTH AMERICA, INC.,**

      **Plaintiffs,**

v.                                              Case No:   6:16-cv-656-Orl-40KRS

**ISLAND STONE INDIA PRIVATE LIMITED and AJAY GUPTA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS'** *THIRD* **MOTION FOR CONTEMPT, AND FOR SANCTIONS AGAINST DEFENDANT AJAY GUPTA (Doc. No. 92)**
>
> **FILED:**      **July 10, 2017**

This is the third in a series of sanctions motions filed by Plaintiffs against Defendant Ajay Gupta arising from Defendant Gupta's failure to comply with orders of this Court, including failure to produce discovery that the Court has repeatedly ordered him to produce. *See, e.g.,* Doc. Nos. 73, 85. By order dated June 1, 2017, this Court gave Defendant Gupta thirty days from the date of that order to serve sworn and complete responses to Plaintiffs' interrogatories and to produce for inspection and copying all documents in his possession, custody or control responsive to Plaintiffs' first request for production of documents. Doc. No. 85, at 4. In the same order, the Court required

Defendant Gupta to file, within fourteen days from the date of the order, a notice electing one of three methods for receiving service of Court orders and litigation documents in this case.  *Id.*  The Court warned Defendant Gupta, as he had previously been admonished, that "[t]he failure of Defendant Gupta to comply with the directives of this Order may lead to further sanctions, including the grant of default judgment."  *Id.* at 5.  Counsel for Plaintiffs served the Court's order on Defendant Gupta via registered email, and filed proof that the registered email was opened on June 2, 2017.  Doc. No. 87.

Defendant Gupta did not file a notice selecting one of the three methods of receiving service contained in the Court's June 1, 2017 order.   In the present motion, counsel for Plaintiffs states that Defendant Gupta also did not produce discovery as required by the June 1, 2017 Order.  Doc. No. 92, at 3-4.  Accordingly, Plaintiffs assert that no sanctions short of entry of a default against Defendant Gupta would be effective.  *Id*. at 92.

Counsel for Plaintiffs served the present motion on Defendant Gupta via registered email. The motion was delivered to Defendant Gupta's email account on July 10, 2017, but he did not immediately open it.  Doc. No. 94-1.  Nevertheless, he did receive and open an earlier email communication from counsel for Plaintiffs sent in a good faith effort to resolve the concerns raised in the present motion.  Doc. Nos. 92, at 7 n.2, and 92-1.  Therefore, Defendant Gupta was aware of counsel for Plaintiffs' intent to file a third motion for sanctions.   His failure to open the registered email serving the present motion supports a finding of purposeful evasion rather than lack of knowledge of the sanctions Plaintiffs seek. As of the writing of this Report and Recommendation, Defendant Gupta has not filed a response to the present motion, and the time for responding has expired.  Accordingly, I recommend that the Court consider the motion to be unopposed.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, if a party fails to obey an order to provide or permit discovery, "the court where the action is pending may issue further just orders." Such orders include striking pleadings in whole or in part and staying further proceedings until the Court's order is obeyed. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(iv). Rule 37(b) "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Instead of or in addition to those sanctions, the Court must order the party to pay the reasonable expenses, including attorney's fees, incurred because of any noncompliance unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Based on Defendant Gupta's repeated violation of Court orders, sanctions are certainly warranted under Rule 37(b). Plaintiffs ask that the Court strike Defendant Gupta's answer and enter a default against him. A default is a severe sanction. It should only be used when less drastic sanctions will not ensure compliance with court orders and it requires a finding of willfulness, bad faith, or fault. *See, e.g.*, *Malautea*, 987 F.3d at 1542 (citations omitted). In light of the repeated warnings given to Defendant Gupta about the consequences of non-compliance, I recommend that the Court find that Defendant Gupta has willfully failed to comply with this Court's orders. Therefore, the relief requested by Plaintiffs is appropriate.[1] Counsel for Plaintiffs indicate that if a default is entered, they will file a separate motion for entry of a default judgment against both Defendants.

---

[1] Counsel for Plaintiffs asks that the Court reserve the question of an award of reasonable expenses, including attorneys' fees, until the end of the case. Doc. No. 92, at 7 n. 2. Therefore, I do not address imposition of monetary sanctions in this Report and Recommendation.

For these reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiffs' Third Motion For Contempt,[2] And For Sanctions Against Defendant Ajay Gupta (Doc. No. 92), **STRIKE** the answer filed by Defendant Gupta (Doc. No. 14) and **DIRECT** the Clerk of Court to enter a default against Defendant Gupta. I further **RECOMMEND** that the Court permit Plaintiffs to file a motion for reasonable expenses, including attorneys' fees, pursuant to Rule 37 as part of their motions for entry of a default judgment.

Counsel for Plaintiffs shall promptly provide a copy of this Report and Recommendation, and the Court's Order on this Report and Recommendation when one is entered, to Defendant Gupta by registered email, return receipt requested, and file proof of such service.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 4, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] A finding that Defendant Gupta is in contempt of Court is not necessary to support the recommended sanctions.