# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISLAND STONE INTERNATIONAL LIMITED and ISLAND STONE NORTH AMERICA, INC.,**

      Plaintiffs,

v.                                  Case No:   6:16-cv-656-Orl-40KRS

**ISLAND STONE INDIA PRIVATE LIMITED and AJAY GUPTA,**

      Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS (Doc. No. 104)
>
> **FILED:** September 13, 2017

## I. BACKGROUND.

Plaintiffs, Island Stone International Limited ("Island Stone International") and Island Stone North America, Inc. ("Island Stone North America"), filed a complaint against Defendants, Island Stone India Private Limited ("Island Stone India") and Ajay Gupta. Doc. No. 1. Plaintiffs allege that Island Stone International is the owner of a federal trademark in the United States for the "ISLAND STONE" mark. *Id.* ¶ 11. Plaintiffs further allege that Island Stone International licensed Island Stone North America to use the ISLAND STONE mark in connection with the manufacture

and wholesale distribution of tiles, floor and wall coverings. *Id.* ¶ 12. Plaintiffs further allege that Island Stone North America is the owner of copyright registrations in the United States in multiple photographs of tile, wall and flooring products (sometimes referred to as the "Works"). *Id.* ¶ 14.

Plaintiffs allege that Defendants solicited Terry and Maria Stout to form Style in Stones, LLC ("Style in Stones") in Orlando, Florida to distribute and sell tile and stone products similar to those offered by Plaintiffs. *Id.* ¶¶ 16, 17. They allege that Island Stone India supplied Style in Stones with tile and stone products, and that Defendants directed and controlled Style in Stones' marketing, sales and distribution decisions. *Id.* ¶ 17. They allege that Defendants registered the domain name styleinstones.com and used the website www.styleinstones.com (the "Website") to display numerous unauthorized and infringing copies of the Works, including superimposing the text www.styleinstones.com onto Island Stone North America's copyrighted images. *Id.* ¶ 18. They further allege that the Website uses the ISLAND STONE mark without authorization from Plaintiffs. *Id.* ¶ 19.[1]

Plaintiffs allege that Defendants have committed copyright infringement in violation of 17 U.S.C. §§ 101, *et seq.* (Count I); federal trademark infringement in violation of 15 U.S.C. § 1114(a)(a) (Count II); unfair competition in violation of 15 U.S.C. § 1125(a) (Count III); false designation of origin in violation of 15 U.S.C. § 1125(a) (Count IV); deceptive and unfair trade practices in violation of Fla. Stat. § 501.201, *et seq.* (Count V); misleading advertising in violation of Fla. Stat. §§ 817.41, *et seq.* (Count VI); and, unjust enrichment in violation of Florida common law (Count VII). They seek injunctive relief, damages, an accounting and attorneys' fees and costs.

---

[1] In a related case, this Court enjoined Terry and Maria Stout and Style in Stones from infringing Plaintiffs' trademark and copyrights and from engaging acts of unfair competition. *Id.* ¶ 24; *see also Island Stone N. Am., Inc. v. Stout*, Case No. 6:14-cv-1450-Orl-37DAB, Doc. No. 33 (M.D. Fla. July 21, 2015).

Pursuant to the direction of the Court, the Clerk of Court issued a default against each Defendant. Doc. Nos. 25, 28, 98, 99. Plaintiffs now ask the Court to issue a default judgment against Defendants. Plaintiffs caused the motion for a default judgment to be served on Defendants by registered email on September 13, 2017. Doc. Nos. 107, 107-1. As of the writing of this Report and Recommendation, Defendants have not responded to the motion and the time for responding has expired. Accordingly, the motion is ripe for resolution. The motion has been referred to the undersigned for issuance of a Report and Recommendation.

## II. LEGAL STANDARD.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

## III. ANALYSIS.

*A. Personal Jurisdiction.*

The Court previously determined that it has personal jurisdiction over Defendant Gupta. Doc. Nos. 70, at 5-7; 76. Because the allegations against Island Stone India are the same as the allegations against Gupta for purposes of exercise of personal jurisdiction, I recommend that the Court find that it can also exercise personal jurisdiction over Defendant Gupta.

*B. Liability.*

1. <u>Copyright Infringement (Count I)</u>.

To prevail on the claim for copyright infringement, Plaintiffs must plead facts establishing that they own a valid copyright and that Defendants copied constituent elements of the copyrighted work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

"In a judicial proceeding, a certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). In the complaint, Plaintiffs allege that Island Stone North America has obtained valid copyright registrations in multiple photographs of tile, wall and flooring products. Doc. No. 1 ¶ 14. Copies of sixteen copyright registrations are attached as Exhibit C to the complaint. Doc. No. 1-3. Each of these registrations reflect that the registration was made within five years after the date of first publication of work. *Id.*

To satisfy the second element of copyright infringement, Plaintiffs must allege facts that establish that the Defendants actually copied the copyrighted material. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010). Plaintiffs allege that Defendants displayed on the Website the Works with the text "www.styleinstones.com" superimposed on the copyrighted

images. *Id.* ¶ 18; *see also* Doc. Nos. 1-3 and 1-4. This is sufficient to establish the second element of copyright infringement.

Because the well-pleaded facts in the complaint are sufficient to establish each element of the prima facie case of copyright infringement, I recommend that the Court find Defendants liable to Island Stone North America for copyright infringement as alleged in Count I of the complaint.

2. <u>Trademark Infringement (Count II)</u>.

To prevail on a claim of federal trademark infringement, Plaintiffs must allege facts that show that (1) they own a valid trademark; (2) Defendants used the mark or a colorable imitation thereof in commerce in connection with the sale or advertising of good or services; and, (3) Defendants used the mark in a manner likely to confuse consumers. *Sound Surgical Tech., LLC v. Leonard A. Rubinstein, M.D., P.A.*, 734 F. Supp. 2d 1262, 1268 (M.D. Fla. 2010).

Once a trademark is registered, the registration certificate constitutes prima facie evidence of its validity, ownership of the mark and the exclusive right to use the mark in connection with the goods or services specified in the certificate. *Id.* at 1269. Plaintiffs allege that Island Stone International is the owner of a federal trademark registration in the United States for the mark "ISLAND STONE" for, among other things, decorative tiles, floor and wall coverings and retail and wholesale distributorship services relating to flooring tiles. Doc. No. 1 ¶ 11. A copy of the federal trademark registration is attached as Exhibit A to the Complaint. Doc. No. 1-1. These facts establish the first element of trademark infringement.

As to the second element, Plaintiffs allege that Defendants use on the Website the ISLAND STONE mark without authorization from Plaintiffs. Doc. No. 1 ¶ 19. They allege that the Website is used in furtherance of Defendants' business through Style in Stones. *Id.* ¶ 18. Screenshots of the Website attached to the complaint reflect that the Website is used in connection with the

advertising of goods.  Doc. No. 1-4.  These facts are sufficient to establish the second element of trademark infringement.

To determine the "likelihood of confusion" element, the Court must consider seven factors: "'(1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion.'"  *Sound Surgical Techs., LLC*, 734 F. Supp. 2d at 1269 (quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 122 F.3d 1379, 1382 (11th Cir. 1997)). Of these factors, the type of mark and evidence of actual confusion are the most important.  *Id.*

Plaintiffs' counsel does not address the strength of the type of mark at issue here but Defendants have not contested the mark's validity in a response to the motion.   Plaintiffs allege that they have spent substantial money in advertising and promoting the ISLAND STONE brand resulting in consumer recognition of the brand as "high-end luxury tile and stone manufacturers." Doc. No. 1 ¶ 10.  Therefore, it appears that the type of mark weighs in favor of likelihood of confusion.  *Cf. Dieter v. B&H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 328 (11th Cir. 1989)(finding that the first factor in the likelihood of confusion analysis was established by a showing that a trademark was incontestable).  The facts alleged also establish that the mark used by Defendants was the ISLAND STONE mark, the mark was used in connection with Style in Stones to advertise and sell stone products, and Defendants' intent to infringe is supported by allegations that Defendants continued to use the mark after receiving a cease and desist notice from Plaintiffs.  Doc. No. 1 ¶¶ 19, 22, 23.  Finally, Plaintiffs allege actual confusion based on reports they received from consumers indicating confusion regarding whether Style in Stones was affiliated with Plaintiffs.

*Id.* ¶ 19. Based on these allegations, the "likelihood of confusion" element of trademark infringement has been established.

Because the well-pleaded facts in the complaint are sufficient to establish each element of trademark infringement, I recommend that the Court find Defendants liable to Island Stone International for trademark infringement as alleged in Count II of the complaint.

3. Federal Unfair Competition (Count III).

To prevail on a claim of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must allege facts showing that (1) they had trademark rights in the mark at issue and (2) Defendants adopted a mark that was the same or confusingly similar to Plaintiffs' mark such that consumers were likely to confuse the two. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012). The same facts supporting a claim of trademark infringement support a cause of action for unfair competition. *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991). Accordingly, if the Court finds that Plaintiffs have alleged sufficient facts to support the claim of trademark infringement, I recommend that the Court find that Defendants are liable to Island Stone International for unfair competition under the Lanham Act as alleged in Count III of the complaint.

4. False Designation of Origin (Count IV).

To prevail on a claim of false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must allege facts showing that (1) they had enforceable trademark rights in a mark or name and (2) Defendant made unauthorized use of the mark or name such that consumers were likely to confuse the two. *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007). Courts apply the same "likelihood of confusion" analysis used in determining trademark infringement to establish the second element of the false designation of origin claim.

*Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1308 (N.D. Ga. 2017). Accordingly, if the Court finds that Plaintiffs have alleged facts sufficient to establish trademark infringement, I recommend that the Court find that Defendants are liable to Island Stone International for false designation of origin under the Lanham Act as alleged in Count IV of the complaint.

     5. Deceptive and Unfair Trade Practices (Count V).

To prevail on a claim of violation of Florida's Deceptive And Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 *et seq.*, Plaintiffs must allege facts that show that Defendants engaged in a deceptive act or unfair practice that caused Plaintiffs actual damages or aggrievement. *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007). A deceptive act is one likely to mislead consumers. *Id.* FDUTPA was amended on July 1, 2001 to permit "persons" other than "consumers" to file a FDUTPA claim. *Advanced Protection Techs., Inc. v. Square D Co.*, 390 F. Supp. 2d 1155, 1164 (M.D. Fla. 2005).

Plaintiffs have alleged that Defendants' unauthorized use of the ISLAND STONE mark constitutes a deceptive act and that this deceptive act caused Plaintiffs to suffer damages to their goodwill and reputation. Doc. No. 1 ¶¶ 58-60. Engaging in trademark infringement is an unfair and deceptive trade practice for purposes of FDUTPA. *Sun Protection Factory, Inc. v. Tender Corp.*, No. 6:04-cv-723-Orl-19KRS, 2005 WL 2484710, at * 13 (M.D. Fla. Oct. 7, 2005).

Because the well-pleaded facts in the complaint are sufficient to establish each element of the FDUTPA claim, I recommend that the Court find Defendants liable to Plaintiffs for violation of Florida's Deceptive and Unfair Trade Practices Act as alleged in Count V of the complaint.

6. Misleading Advertising (Count VI).

To prevail on Plaintiffs' claim of misleading advertising in violation of Florida law, Plaintiffs must allege facts sufficient to show that (1) Defendants made a misrepresentation of material fact, (2) Defendants knew or should have known of the falsity of the representation, (3) Defendants intended to induce another to rely and act on the misrepresentation, and (4) Plaintiffs suffered injury in justifiable reliance on the representation. *Third Party Verification, Inc.*, 492 F. Supp. 2d at 1322. "When the party alleging misleading advertising is a competitor of the defendant . . . , an allegation of competition is permitted to 'stand-in' for the element of direct reliance that a consumer is obligated to plead." *Id.*

Plaintiffs have alleged that Island Stone India supplied Style in Stones with its tile and stone products, Doc. No. 1 ¶ 17, and, thus, they submit that Island Stone India is their direct competitor. They further allege that Defendants made false representations on the Website by superimposing "www.styleinstone.com" over copyrighted photographs of Plaintiffs' stone products in an apparent attempt to conceal their infringement. *Id.* ¶ 18. Plaintiffs also allege that Defendants used the ISLAND STONE mark on the Website to falsely suggest that Style in Stones was part of Island Stone International's network of suppliers. *Id.* ¶ 19. Defendants' knowledge of the falsity of these representations is confirmed by Plaintiffs' allegations that Defendants continued with these false representations after receiving a cease and desist notice from Plaintiffs. *Id.* ¶ 22. Finally, Plaintiffs allege that they have been injured in their goodwill and reputation by Defendants' actions. *Id.* ¶¶ 60, 69.

Because the well-pleaded facts in the complaint are sufficient to establish each element of misleading advertising in violation of Florida law, I recommend that the Court find Defendants liable to Plaintiffs for misleading advertising as alleged in Count VI of the complaint.

7. Unfair Competition (Count VII).

Plaintiffs state that they are abandoning their claim for common law unfair competition. Doc. No. 104, at 15 n. 7. Therefore, I recommend that the Court dismiss Count VII of the complaint.

*C. Damages.*

The only monetary damages Plaintiffs seek are statutory damages arising from copyright infringement. Plaintiffs rely on the Affidavit of Charles E. Heppner in support of their request for damages. Heppner avers that Island Stone North America has obtained copyright registrations for at least sixteen photographs. Doc. No. 55 ¶ 15. Copies of the copyright registration certificates are attached as Exhibit C to his affidavit along with pictures of the allegedly copyrighted photographs. Doc. Nos. 55-3, 55-4. It is evident, however, that photographs submitted with three of the copyright certifications are not photographs of the Works for which the copyrights were issued because these photographs have superimposed text "www.styleinstones.com," Doc. Nos. 55-4, at 10, 12, and 16, which Plaintiffs allege were added by Defendants and were not part of the original copyrighted work. These same photographs with superimposed text are attached as Exhibit C to the complaint. Doc. No. 1-3. For these reasons, I recommend that the Court find that Plaintiffs have identified only thirteen original photographs for which they have copyright registrations (the photographs that do not bear the superimposed text). By virtue of the default, Defendants have admitted that they used these thirteen copyrighted original photographs on the Website without authorization from Plaintiffs. Doc. No. 1 ¶ 18; Doc. Nos. 1-3 and 1-4.

The Copyright Act allows a copyright holder to seek statutory damages in lieu of actual damages or disgorgement of defendant's profits. *Arista Records, Inc. v. Beker Enterps., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Statutory damages may be assessed in the range of

$750.00 to $30,000.00 per infringement in the Court's discretion, and up to $150,000.00 per infringement for willful infringement. 17 U.S.C. § 504(c). "'The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but is also designed to discourage wrongful conduct.'" *Arista Records, Inc.*, 298 F. Supp. 2d at 1312 (quoting *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952)).

Plaintiffs seek statutory damages in the amount of $1500.00 for each infringement. They argue that Defendants continued use of the copyrighted works after receiving a cease and desist notice demonstrates that Defendants acted willfully. They further assert that because the infringements appeared on the Website where they could be viewed by a substantial number of people, damages in excess of the statutory minimum are justified. I recommend, based on the facts underlying this case and Defendants' conduct in this litigation, that $1500.00 in statutory damages for each of the thirteen proved infringements is appropriate. Accordingly, I recommend that the Court award Island Stone North America a total of $19,500.00 in statutory damages to be paid by Defendants.

*D. Injunctive Relief.*

The Copyright Act, the Lanham Act and FDUTPA specifically provide for injunctive relief. 15 U.S.C. § 1116(a); 17 U.S.C. § 502(a); Fla. Stat. § 501.211. To obtain a permanent injunction, Plaintiffs must demonstrate that (1) they suffered an irreparable injury, (2) remedies available at law are inadequate to compensate for that injury, (3) considering the balance of the hardships between Plaintiffs and Defendants, a remedy in equity is warranted, and (4) the public interest would not be disserved by a permanent injunction. *See, e.g., eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

It is not clear that a presumption of irreparable harm arises from trademark and copyright infringement and related deceptive trade practices. *See, e.g., Help at Home, Inc. v. CAM Enterps., LLC*, No. 14-80255-Civ-Marra/Brannon, 2014 WL 12300316, at * 2 (S.D. Fla. Aug. 8, 2014)(discussing evolving case law). Moreover, the United States Court of Appeals for the Eleventh Circuit has recently emphasized that Plaintiffs have the burden to show a likelihood of irreparable harm based on independently proved facts. *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 985 (11th Cir. 2016)(unpublished opinion cited as persuasive authority). Counsel for Plaintiffs have not specifically addressed the irreparable harm issue in their motion except to make conclusory statements that "[m]onetary damages cannot compensate Plaintiffs for the continued and ongoing infringement." Doc. No. 104, at 10. Plaintiffs also have not submitted evidence that the Website still exists or that it has infringing content on it. The invoices attached to Heppner's affidavit are dated in 2014, well before the filing of the complaint in this case. Doc. No. 55-12.

Nevertheless, the Court may conclude that a permanent injunction is appropriate in this case based on the facts set forth in Heppner's affidavit and the recalcitrance of Defendant Gupta during this litigation. *See Axiom Worldwide, Inc.*, 522 F.3d at 1229 (stating that the district court "may well decide that the particular circumstances of the instant case bear substantial parallels to previous cases such that a presumption of irreparable injury is an appropriate exercise of its discretion in light of the historical traditions"). If so, then I recommend that the Court consider the proposed injunction presented by counsel for Plaintiffs, Doc. No. 104-1, to determine whether it is appropriately limited in scope.

*E. Attorneys' Fees.*

    1. <u>Entitlement</u>.

Plaintiffs seek attorney's fees under the Copyright Act, the Lanham Act, FDUTPA, the Florida misleading advertising statute and Federal Rule of Civil Procedure 37 with respect to discovery disputes. Because the facts underlying each of these causes of action were intertwined, I address only entitlement to fees under the Copyright Act.[2]

Section 505 of the Copyright Act provides that a district court may award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. In exercising its discretion, the Court must not award attorney's fees as a matter of course and must make a more particularized, case-by-case assessment. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The Court may also consider several nonexclusive factors, including frivolousness, motivation, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 534 n. 19. More recently, the United States Supreme Court has directed the district court to place substantial, but not controlling, weight on the objective reasonableness or unreasonableness of a party's position while still taking into account all other factors. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988-89 (2016). In its analysis, the Supreme Court observed that "a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses." *Id.* at 1988.

The Court is well aware of the litigation conduct in this case, so I will not repeat it here. *See, e.g.,* Doc. Nos. 73, 85, 96, 98. In sum, Island Stone India did not appear through counsel in the

---

[2] I note that to award fees under the Lanham Act, the Court likely would have to determine that this case was exceptional. *See, e.g., United States Specialty Sports Ass'n, Inc. v. Fritz*, No. 6:15-cv-1726-Orl-KRS, 2016 WL 7423191, at * 2 (M.D. Fla. Nov. 1, 2016). Plaintiffs have not addressed the Supreme Court's decision in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), which addresses the factors to establish that a case is exceptional.

case and a default was entered against. Ajay Gupta, however, represented himself in the case. In denying Gupta's motion to dismiss, the Court reviewed Gupta's claimed defenses and found them to be without merit. Doc. Nos. 70, 76. Ultimately, the Court struck Gupta's answer and directed that a default be entered against him for his repeated failures to abide by rules and orders of the Court. Doc. Nos. 96, 98. Since that time, Gupta has effectively abandoned the litigation, including failing to file a response to the motion for a default judgment. Considering all of the factors set forth by the Supreme Court in light of the facts in this case, I recommend that the Court find that an award of reasonable attorney's fees to Plaintiffs is warranted under the Copyright Act in the exercise of the Court's discretion.

2. Lodestar Attorneys' Fees.

The reasonable amount of attorneys' fees to award is determined through the lodestar analysis. *Katz v. Chevaldina*, 127 F. Supp. 2d 1285, 1301 (S.D. Fla. 2015). Plaintiffs submitted an Affidavit of Attorneys' Fees prepared by Courtney Keller, one of their counsel of record. Doc. No. 105. In support of the affidavit, Attorney Keller submitted time sheets showing the work performed by professionals in this case, the time worked and the hourly rates sought. Doc. No. 105-1. She also submitted biographies of the individuals for whose work fees are sought. Doc. No. 105-2. Plaintiffs also submitted an Affidavit of Reasonable Attorneys' Fees prepared by Brian C. Blair, Esq., a fee expert. Doc. No. 106.

As for the reasonableness of the hourly rates sought, Attorney Keller avers that the hourly rates sought, as set forth below, are the actual rates billed to and paid by Plaintiffs and that these rates represent a 20% discount of the standard rates of these professionals. Doc. No. 105 ¶ 4. The hourly rates sought and the experience of the professionals for whose work fees are sought is as follows:

- Gregory W. Herbert, Esq., is a shareholder at Greenberg Traurig, P.A. He graduated from Harvard Law School in 1990, and he has practiced in the field of intellectual property law for more than 25 years. He is board certified by the Florida Bar in Intellectual Property Law and has been listed as one of the "best lawyers" in this field in a number of publications. Doc. No. 105-2, at 1. He seeks a rate of $435.00 per hour for his work in this case. Doc. No. 105-1, at 1.

- Courtney Keller, Esq., is a shareholder at Greenberg Traurig, P.A. She has been practicing in Central Florida for more than 11 years and she has handled numerous complex commercial and intellectual property cases. Doc. No. 105-2, at 1. She seeks a rate of $368.00 to $392.00 per hour for her work in this case. Doc. No. 105-1, at 1, 5.

- Corrine LaGosh, Esq., is an associate at Greenberg Traurig, P.A., who focuses her practice on intellectual property. She had been practicing law for approximately 8 years. She was listed as a Rising Star for 2016-2017 in *Florida Super Lawyers*. Doc. No. 105-2, at 1. She seeks a rate of $388.00 per hour for her work in this case. Doc. No. 105-1, at 3.

- Colin Baker, Esq., is an associate at Greenberg Traurig, P.A., who focuses his practice on complex commercial litigation. He served for 2 years as a law clerk for a District Judge of this Court, and he has been practicing law in Central Florida for 7 years. Doc. No. 105-2, at 1. He seeks a rate of $ 300.00 to $332.00 per hour for his work in this case. Doc. No. 105-1, at 2, 5.

Attorney Blair averred, after review of the file, that the total amount of attorneys' fees sought by Plaintiffs, $106,095.00, is reasonable, but he did not specifically address the reasonableness of the hourly rates sought or of the time expended on each task. Doc No. 106. Counsel for Plaintiffs did not cite any cases in which they have been awarded the hourly rates sought. Nevertheless, the

Court may rely on its own expertise in determining the reasonable hourly rates in this community. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.3d 1292, 1304 (11th Cir. 1988).

I note that for work performed in 2011, this Court determined in an intellectual property case that hourly rates of $400.00 for shareholders with 20 years or more of experience, $300.00 for mid-level attorneys (one with 11 years of experience), and $200.00 for junior attorneys (ranging from 2 to 6 years of experience) were reasonable. *Indyne, Inc. v. Abacus Tech. Corp.*, No. 6:11-cv-137-Orl-22DAB, 2014 WL 1400658, at * 11 (M.D. Fla. Feb. 25, 2014). I recognize that reasonable hourly rates have increased since the *Indyne, Inc.* decision was issued. Accordingly, I recommend that the Court find that the hourly rates sought by Attorneys Herbert, Keller and Baker are reasonable in the absence of objection. I further recommend, however, that the Court find that the $388.00 hourly rate sought for Attorney LaGosh's work, all of which was performed in 2016, is not reasonable particularly in light of the hourly rate for Attorney Baker's work in 2016. Therefore, I recommend that the Court reduce the reasonable hourly rate for Attorney LaGosh's work to $300.00 per hour.

As for the reasonable number of hours worked, Attorney Keller avers that she deducted approximately 48 hours of attorney time in the exercise of billing judgment. Doc. No. 105, at 2. Plaintiffs are also not seeking attorneys' fees for the work of paralegals in this case. *Id.* After review of the time sheet, I recommend that the Court find that the work performed was reasonable in the absence of objection.

If the Court accepts these recommendations, the lodestar attorneys' fee would be as follows:

| PROFESSIONAL | HOURLY RATE | HOURS WORKED[3] | REASONABLE FEE |
|---|---|---|---|
| Gregory Herbert Esq. | $435.00 | 14.1 | $6,133.50 |
| Courtney Keller, Esq. | $368.00 | 168.2 | $61,897.60 |
| Courtney Keller, Esq. | $392.00 | 62.3 | $24,421.60 |
| Corrine LaGosh, Esq. | $300.00 | 14.9 | $4,470.00 |
| Colin Baker, Esq. | $300.00 | 16.8 | $5,040.00 |
| Colin Baker, Esq. | $332.00 | 8.5 | $2,822.00 |
| **TOTAL ATTORNEYS' FEES** | | | $104,784.70 |

## IV.  RECOMMENDATIONS.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

A. **GRANT in part** Plaintiffs' Motion for Entry of Final Default Judgment and Permanent Injunction Against Defendants (Doc. No. 104);

B. **DISMISS** Count VII of the complaint;

C. **ORDER** Defendants, jointly and severally, to pay $19,500.00 in statutory damages to Island Stone North America;

D. If the Court finds that injunctive relief is appropriate, **ENTER** a permanent injunction against Defendants;

---

[3] Counsel for Plaintiffs did not provide the Court with a breakdown of the hours worked by each professional. Therefore, the calculation of hours worked was made based on a review of the time sheets filed by counsel.

E. **ORDER** Defendants, jointly and severally, to pay $104,784.70 in attorneys' fees to Plaintiffs; and,

F. **DIRECT** the Clerk of Court to enter a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 3, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy